## CIRCUIT COURT OF WESTMORELAND COUNTY

Eva A. Sanders,
Executrix

v.

Edmond Rosner

November 7, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

This is a death by wrongful act proceeding involving medical malpractice. Following a two-day trial, the jury returned verdicts against the physician defendant of $600,000.00. Defendant has moved to set the verdict aside and award a new trial on the issues of both liability and damages, or in the alternative, to order a remittitur.

Having concluded that there is sufficient evidence to support the jury's finding of liability, consideration here will be limited to the question of whether the verdict was excessive.

The decedent was Robert H. Sanders, who died on January 27, 1988, at age sixty-seven, of a heart attack. Prior to his death, he was hospitalized on two separate occasions with heart problems. He was diabetic and over-weight. He worked as a real estate salesman, and in the year prior to his death earned commissions of $5,248.00. In addition, he received a monthly pension of $1,225.46 and Social Security benefits of $556.80.

This was his third marriage. His second wife died in July, 1985. He married his third wife, Eva, in September, 1985. He was the father of one child from his first marriage, Sandra Wood.

Eva is fifty years of age, has two children from a previous marriage, and worked as a waitress before her marriage to Mr. Sanders. She worked periodically during

the marriage and resumed her full time position after her husband's death.

The daughter, Sandra, is now approximately forty-five years of age. She married in 1966 and now resides in Fairfax county with her husband and two children, ages nineteen and seventeen. Since her marriage, she has not been dependent upon her father for support.

The defendant was a general practitioner in Colonial Beach for many years. He no longer practices medicine. He was a friend and neighbor of defendant. He was first called to Mr. Sanders's home at 10:00 p.m. Sunday evening, January 24, 1988. On the following Tuesday evening, he was called on three separate occasions. Each time he came and undertook to treat decedent. The decedent died Wednesday morning at about 5:45 a.m.

The jury awarded the widow, Eva, $500,000.00 and the daughter, Sandra, $100,000.00. We are asked to find these awards excessive.

Jury verdicts are subject to the trial court's control. Where damages are excessive, the trial court may put the plaintiff on terms to accept a remittitur in lieu of a new trial, or the defendant may be granted a new trial limited to damages or a new trial on all issues. Va. Code, Section 8.01-383; *Ford Motor Co. v. Bartholomew*, 224 Va. 421 (1982).

Where a verdict is attacked as excessive, if the amount awarded is so great as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice. *Rutherford v. Zearfoss*, 221 Va. 685 (1980).

In determining whether an award is excessive, the trial judge must be cautious to insure that his opinion is not arbitrarily substituted for that of the jury. Although such a determination is left to the sound discretion of the judge by statutes and the common law, there is no clear criterion to follow. There is no standard by which to measure in dollars and cents the value of sorrow, mental anguish, or solace. All that any judge can bring

to such a task is his own sense of reasonableness and fairness, honed by experience and precedent. The issue cannot be resolved by any mechanical or didactic application of the law. The process must be analytical but is nonetheless one that is necessarily, to some extent at least, arbitrary and subjective.

The evidence introduced during the trial indicated that Mr. Sanders has a history of health problems. The life expectancy of one his age in good health is 12.9 years. His annual income was approximately $26,600.00. He married Eva on his sixty-fifth birthday. He died two years and four months later. His medical bills for his last illness were $128.00, and his funeral expenses were $4,489.21.

Upon consideration of these and other factors, an award of $600,000.00 to the widow and daughter, both of whom are middle-aged and working, for the death of a sixty-seven year old, semi-retired man with limited earning capacity and a number of health problems, appears to be an unfair verdict. This sum is so great as to shock the conscience and suggests that the jury was motivated by passion or a misunderstanding of the law. In either event, when viewed in the context of all facts and circumstances of this proceeding, it appears excessive.

In *Graddy v. Hatchett*, 233 Va. 65 (1987), cited by plaintiff in support of this award, the court let stand a $400,000.00 verdict in a wrongful death action. The decedent in Graddy, however, was seventeen years old, fifty years younger than Mr. Sanders.

In concluding that this verdict is excessive, I in no way intend to minimize the loss suffered by Mr. Sanders's family. Mrs. Sanders was an effective and credible witness, and her anguish was apparent. Dr. Rosner, on the other hand, had to acknowledge his conviction of four felonies, and he was in other respects a less than sympathetic witness. The contrast here is likely to have so impassioned the jury that their award was in part compensation for the statutory beneficiaries and in part punitive as to Dr. Rosner. Accordingly, we will order Eva A. Sanders to remit so much of her award as exceeds $250,000.00 and Sandra Wood to remit so much of her award as exceeds $50,000.00, or otherwise, either or both will have a new trial limited to the issue of damages only.